FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONDA P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:18-CV-00242-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11, 14. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Cory J. Brandt. The Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 11, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 14.

ORDER ~ 1

**JURISDICTION**

Plaintiff Donda P.[1] protectively filed for supplemental security income and disability insurance benefits on August 18, 2014, alleging an onset date of December 1, 2010.[2] Tr. 282-89. Benefits were denied initially, Tr. 162-76, and upon reconsideration, Tr. 179-89. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on February 10, 2017. Tr. 19-64. Plaintiff had representation and testified at the hearing. *Id*. The ALJ denied benefits, Tr. 142-61, and the Appeals Council denied review. Tr. 1. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**BACKGROUND**

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] As noted by the ALJ, Plaintiff filed prior applications for disability insurance benefits and supplemental security income, and "[b]ecause the period up until March 16, 2012 has already been evaluated under the previous hearing decision, that period is res judicata. Therefore, the entire period through her date last insured has already been adjudicated. This decision will only discuss [Plaintiff's] condition since her supplemental security income protective filing date of August 18, 2014, and address whether there has been any change in her condition." Tr. 145-46.

ORDER ~ 2

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the time of the hearing. *See* Tr. 146. She graduated from high school, and at one time she had certification as a nurse assistant. Tr. 24-25, 56. Plaintiff lives with her boyfriend. Tr. 24. She has work history as a nurse assistant and salvager. Tr. 26. Plaintiff testified that she cannot work because of anxiety, depression, and short-term memory loss. Tr. 26.

Plaintiff testified that she misses a lot of therapy appointments due to anxiety about being around people, and if it was not for her daughter she would "probably stay in bed all day." Tr. 46-48. She reported that she hoards things, is "overwhelmed a lot of times"; gets so nervous around people that she cannot breathe; isolates in her shed; and forgets where she puts things. Tr. 48-51. Plaintiff testified that she can read the newspaper "a little bit" but needs help to understand the words, and cannot count change at the grocery store. Tr. 53.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

ORDER ~ 3

(quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

ORDER ~ 4

impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

ORDER ~ 5

a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER ~ 6

education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 18, 2014, the application date. Tr. 148. At step two, the ALJ found that Plaintiff has the following severe impairments: polysubstance abuse in remission; depression; anxiety; and borderline intellectual functioning. Tr. 148. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 148. The ALJ then found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: She cannot drive a motor vehicle at work. She can perform simple, routine and repetitive tasks. She can perform work that

ORDER ~ 7

does not require memorization of visual instructions. She would need to work in a low stress job defined as not requiring her to cope with work-related circumstances that could be dangerous for the worker or others. She can perform occasional routine judgement and can have occasional simple workplace changes. She can perform positions that do not require a production pace. She can perform work that requires no more than brief interaction with the public. She can have occasional interaction with coworkers and supervisors.

Tr. 149-50. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 154. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: industrial cleaner, store laborer, machine packager, and hand packager. Tr. 155-56. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 18, 2014, through the date of the decision. Tr. 156.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ improperly discredited Plaintiff's symptom claims;

2. Whether the ALJ properly weighed the medical opinion evidence; and

3. Whether the ALJ erred at step five.

ORDER ~ 8

# DISCUSSION

**A. Plaintiff's Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security

ORDER ~ 9

cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 150. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons.[3] Tr. 150-53. Plaintiff argues that

---

[3] Defendant contends the ALJ offered two additional reasons for discounting Plaintiff's symptom claims, including: (1) improvement in Plaintiff's symptoms with "counseling and prescribed medication," and (2) Plaintiff's report to one treating provider that "she had difficulty finding work due to her past criminal history, rather than her impairments." ECF No. 14 at 15-16 (citing Tr. 151-52, 614, 620-52, 664, 697, 705, 717, 723, 770). However, the Court's plain reading of the decision indicates that these were not reasons offered by the ALJ specifically to discount Plaintiff's symptom claims; rather, this evidence was discussed only in the context of inconsistency between Plaintiff's symptom claims and the objective medical evidence. *See* Tr. 152-53. Moreover, even if the Court were to find these reasons were offered by the ALJ to discount Plaintiff's symptom claims, the Court finds they are not clear, convincing, and supported by substantial evidence. *Holohan*, 246 F.3d at 1208 ("must specifically identify the testimony she or he

ORDER ~ 10

the ALJ "failed to provide valid reasons for rejecting" Plaintiff's subjective complaints. ECF No. 11 at 13-16. The Court agrees.

First, the ALJ summarily found that Plaintiff "reported performing activities of daily living consistent with the limitations outlined in the [RFC]." Tr. 153. Even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. However, as noted by Plaintiff, she need not be utterly incapacitated in order to be eligible for benefits. ECF No. 11 at 15 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Moreover, in making a credibility finding, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Brown-Hunter*, 806 F.3d 487, 494 (9th Cir. 2015) (noting that a summary of medical evidence "is not the same as providing clear and convincing reasons").

Here, the ALJ did not support this finding with specific reference to Plaintiff's symptom claims, or any evidence undermining those claims, aside from

---

finds not to be credible and must explain what evidence undermines the testimony").

ORDER ~ 11

brief references in the ALJ's summary of the medical evidence to Plaintiff's reports of walking, gardening, preparing for a yard sale, and implementing relaxation techniques. Tr. 151-52 (citing Tr. 614, 770, 856). It is unclear to the Court how these sporadic reports of physical activity are inconsistent with Plaintiff's claimed mental health symptoms. Thus, the ALJ's general statement that Plaintiff's daily activities are consistent with the assessed RFC is not a clear and convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims.

Second, and in large part, the ALJ discounted Plaintiff's symptom claims because they were not supported by the objective medical evidence. Tr. 150-53. Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601 (9th Cir. 1989).

Here, the ALJ set out, in detail, the medical evidence purporting to contradict Plaintiff's claims of disabling mental limitations, including: "[consistent ability] to perform well during mental status examinations despite her complaints. She is alert and oriented in all spheres. Her thought content and thought processes are intact. Her fund of knowledge and memory are consistently within normal limits. She maintained good speech and eye contact and had no difficulty

ORDER ~ 12

interacting with providers." Tr. 151-53 (citing Tr. 540-41, 614, 623, 625, 634, 643, 645-46, 651-52, 659-60, 663, 692-93, 697, 705, 717, 723, 770, 787, 830). Plaintiff argues this reason was not valid because Plaintiff did not "always" perform well on mental status exams, and frequently isolated and missed appointments. ECF No. 11 at 14-15. However, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective testing and physical examinations, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47; *Fair*, 885 F.2d at 601. As discussed in detail above, the additional reason given by the ALJ for discounting Plaintiff's symptom claims was legally insufficient. Thus, because lack of corroboration by objective evidence cannot stand alone as a basis for a rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan,* 246 F.3d at 1201–02 (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining

ORDER ~ 13

physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ improperly rejected the examining opinion of Dr. Aaron Burdge, Ph.D. ECF No. 11 at 12-13. In January 2014, Dr. Aaron Burdge examined Plaintiff and opined that she had moderate limitations in six basic work activities, and marked limitations in her ability to (1) understand, remember, and persist in tasks by following detailed instructions; and (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (3) communicate and perform effectively in a work setting; (4) complete a normal work day and work week without interruptions from psychologically based symptoms; and (5) maintain appropriate behavior in a work setting. Tr. 536-37. The ALJ gave "partial weight to this opinion because it is primarily based on [Plaintiff's] self-report of her symptoms.

ORDER ~ 14

As noted [earlier in the decision], [Plaintiff's] allegations are not consistent with the objective medical evidence in her file. Therefore, [the ALJ declined] to give significant weight to any opinion based on her subjective allegations." Tr. 153-54.

An ALJ may reject a physician's opinion if it is based "to a large extent" on Plaintiff's self-reports that have been properly discounted. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Plaintiff argues that the ALJ failed to explain how he reached the conclusion that Dr. Burdge's opinion was based on Plaintiff's self-report. ECF No. 11 at 12-13. Defendant contends that the ALJ supported the conclusion that Dr. Burdge's opinion was based on Plaintiff' subjective allegations because his opinion "is not consistent with [Plaintiff's] performance during Dr. [Thomas] Genthe's evaluation of [Plaintiff] or the other findings document[ed] by Dr. [Leslie] Morey around the same time as Dr. Burdge's opinion." Tr. 154 (citing Tr. 539-41, 656-64); *see also Orn*, 495 F.3d at 631 (consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that medical opinion).

However, regardless of whether Dr. Burdge's report was "largely based" on Plaintiff's self-report, as discussed in detail above, the ALJ's rejection of Plaintiff's symptom claims was not supported by substantial evidence. *Cf. Tommasetti*, 533 F.3d at 1041. Thus, this was not a specific and legitimate reason

for the ALJ to reject Dr. Burdge's opinion, and it must be reconsidered on remand.[4]

**C. Step Five**

Plaintiff also challenges the ALJ's findings step five. ECF No. 11 at 16-17. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical opinion evidence and Plaintiff's symptom claims, which the ALJ is

---

[4] As noted by Defendant, Dr. Burdge opined that Plaintiff would be impaired with available treatment for only six to nine months. ECF No. 14 at 19 (citing Tr. 537). To be found disabled, a claimant must be unable to engage in any substantial gainful activity due to an impairment which "can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012). The Court also notes that Dr. Burdge's opinion may be disregarded because the limitations were assessed outside of the relevant adjudicatory period. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding that "[m]edical opinions that predate the alleged onset of disability are of limited relevance."); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (a statement of disability made outside the relevant time period may be disregarded). Regardless, in light of the need to reconsider Plaintiff's symptom claims, as discussed in detail above, the ALJ should also reevaluate the medical opinion evidence on remand.

ORDER ~ 16

instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence and Plaintiff's symptom claims.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

ORDER ~ 17

(remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims and medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider Plaintiff's symptom claims. The ALJ should also reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider the remaining steps in the sequential analysis, reassess Plaintiff's RFC, and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

ORDER ~ 18

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 30, 2019.

                                         *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                        United States District Judge